# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

vs) **No. 11-1346** (Fayette County 11-F-19)

**Robert D. England,**
**Defendant Below, Petitioner**

**FILED**

February 11, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner England filed this appeal, by counsel Gina M. Stanley, from the Circuit Court of Fayette County's August 15, 2011 order that sentenced petitioner to serve one to three years in prison. This sentence followed his jury conviction for third offense driving on a revoked license for driving under the influence. The State of West Virginia, by its counsel Jacob Morgenstern, has filed a response in support of affirming petitioner's conviction.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2010, petitioner was arrested after two police officers observed him obtaining fuel and driving away without paying. Upon investigating, the police officers discovered that petitioner had a revoked license due to driving under the influence. Police subsequently stopped petitioner and asked to see his license, to which petitioner replied that he did not have one. In March of 2011, petitioner was tried before a jury on third offense of driving while his license was revoked for driving under the influence.[1] At the close of trial, the jury returned a guilty verdict for this charge. The circuit court subsequently sentenced petitioner to serve one to five years in prison, in addition to paying fines and costs. Petitioner appeals his conviction, arguing two assignments of error.

In petitioner's first assignment of error, he argues that the circuit court erred in refusing to conduct a pre-trial hearing on whether his statement to police had been voluntary. In response, the State argues that petitioner was not in custody when he made the statement at issue and that the circuit court did not err admitting this evidence without a hearing. Upon our review of the record and evidence presented at trial, we find no error by the circuit court with regard to this assignment of error.

---

[1] Petitioner's trial was bifurcated for a different jury to decide whether this was petitioner's third offense.

1

In petitioner's second assignment of error, he argues that the conduct of the circuit court prejudiced his right to have a trial by an impartial jury. He argues that the circuit court behaved improperly when it ordered the arrest of one of petitioner's witnesses following the witness's testimony. In response, the State contends that the circuit court acted within its discretion and committed no errors at trial. It raises that a trial judge's control over the orderly process of a trial is within its sound discretion and only subject to review when the discretion is clearly abused. *See Payne v. Kinder*, 147 W.Va. 352, 362, 127 S.E.2d 726, 733 (1962). Upon our review of the evidence presented at trial, we find no clear abuse of discretion by the circuit court's conduct. Our review of the record also shows that petitioner did not make any objections during trial concerning the circuit court judge's behavior. Finally, even if there was error, it was harmless in light of the evidence of guilt.

For the foregoing reasons, petitioner's conviction of third offense of driving on a revoked license due to driving under the influence is hereby affirmed.

Affirmed.

**ISSUED:** February 11, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II